UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

------------------------------------------------------------ X

**IN RE YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**

3:09-md-02100-DRH-PMF

MDL No. 2100

------------------------------------------------------------

*Kiana Lacy, et al. v. Bayer Corporation, et al.*
No. 3:16-yz-00184-DRH-PMF

### ORDER GRANTING MOTION TO DISMISS UNDER CMO 79

**HERNDON, District Judge:**

#### BACKGROUND

This matter is before the Court on the pending motion for extension of time to comply with Section III of CMO 79 (Doc. 9) and on Bayer's motion to dismiss under CMO 79 (Doc. 11). Based on the record and the following, the motion for extension (Doc. 9) is **DENIED** and the motion to dismiss under CMO 79 (Doc. 11) is **GRANTED**.

On April 12, 2016, the Court entered an order directing the plaintiffs to comply with Section III of CMO 79 on or before June 13, 2016. Thereafter, the plaintiffs were granted an extension, until July 13, 2016, to comply with Section III of CMO 79 (Doc. 10). On July 13, 2016, the plaintiffs filed the subject motion seeking a second extension (Doc. 9). Bayer responded, objecting to the extension

and simultaneously seeking dismissal of the case in accord with the requirements of CMO 79 (Doc. 11).

In responding to the motion to dismiss (Doc. 12), plaintiffs argue that there is no legal prejudice to Bayer and accordingly, should the Court dismiss the case, it should be dismissed without prejudice. However, as noted in Bayer's reply, the plaintiffs do not contest that they have not complied with their obligations under CMO 79. Additionally, they do not contest that there are no proper grounds for a further extension.

## DISCUSSION

### A. Case Management Order Number 79

In August 2015, Bayer and a committee of plaintiffs' counsel appointed by this Court in cooperation with the state court judges in the Pennsylvania, New Jersey and California coordinated proceedings negotiated a settlement agreement to resolve claims involving alleged arterial thromboembolism ("ATE") injuries. On August 3, 2016, the Court entered Case Management Order 76 ("CMO 76"), the ATE Settlement Implementation Order (MDL 2100 Doc. 3786).

That same day, the Court entered CMO 79, the Non-ATE Case Resolution CMO. At issue here is Section III of CMO 79. Pursuant to Section III of CMO 79 (applicable to the instant case in accord with the Court's order dated April 12, 2016 (Doc. 7)), the plaintiffs had to comply with certain substantive requirements, such as sending preservation notices and producing certain documents and

limited expert reports. Additionally, Section III.5 of CMO 79 provides that plaintiffs who do not comply with their obligations under Section III of the CMO will be subject to a motion to dismiss with prejudice.

In the instant case, despite receiving a previous extension, the plaintiffs have failed to comply with their obligations under Section III of CMO 79.[1] Additionally, the plaintiffs have failed to establish good cause for their failure to comply and fail to provide the Court with a proper basis for extending their deadline a second time. Section III.5 of CMO 79 provides that any plaintiff failing to timely comply will be subject to a motion to dismiss with prejudice. The cases cited by the plaintiffs in support of dismissing this action without prejudice are not controlling and, as outlined in Bayer's briefing, distinguishable from the facts in issue here.

Accordingly, in light of the above, the motion for extension (Doc. 9) is **DENIED** and the motion to dismiss under CMO 79 (Doc. 11) is **GRANTED**.

The claims of the above captioned plaintiffs are **DISMISSED WITH**

---

[1] As detailed in Bayer's motion to dismiss, it appears the plaintiffs have made only minimal efforts to comply with the CMO. The plaintiffs provided a PFS and authorizations but have failed to take any steps to cure the numerous deficiencies in their original submissions. The plaintiffs have provided no medical records showing Ms. Lacy's alleged produce use or her alleged injuries, as required by Paragraphs III(4)(a and III(4)(b) of CMO 79. Additionally, plaintiffs have not provided the certifications of compliance with the CMO's preservation and production provisions, as required by Paragraphs III(4)(e) and III(4)(f) of the CMO. Further, the plaintiffs have disclosed that they do not anticipate that they will be able to provide the expert report on causation required by Paragraph III(4)(g) of CMO 79.

**PREJUDICE**. Further, **the Court DIRECTS the Clerk to enter judgment.**

**IT IS SO ORDERED.**

Signed this 18th day of August, 2016.

Digitally signed by
Judge David R. Herndon
Date: 2016.08.18
16:02:41 -05'00'

**United States District Judge**